```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 4:11 CR 196 JCH / DDN
                                 )
VICONTO LANORZ JOHNSON, et al.,  )
                                 )
          Defendants.            )
```

**SUPPLEMENTAL ORDER EXTENDING TIME TO FILE PRETRIAL MOTIONS
SPEEDY TRIAL ACT FINDINGS THAT CASE IS COMPLEX
AND
<u>ORDER RELATING TO SPEEDY TRIAL ACT COMPUTATIONS</u>**

On June 14, 2011, defendants Viconto Lanorz Johnson, Kevin Donnell White, Keith Williams, Oscar Patton, Robbin Croskey, and Tamecka Davis were arraigned and pled not guilty. At that time, defendants filed written motions for additional time to obtain and review discovery materials and to determine whether and/or what pretrial motions are to be filed, or a waiver thereof. (Docs. 64, 66, 68, 70, 72, 74.) On June 21, 2011, the government filed a motion for the court to find that this is a complex case and that the trial date should be set beyond the usual limits prescribed by the Speedy Trial Act. (90.)

The court has considered the record of this action, including the nature of the offenses charged against the defendants: each defendant is charged with conspiring to distribute and possess with the intent to distribute more than 5 kilograms of cocaine, more than 1 kilogram of heroin, and an amount of marijuana, during 2009, 2010, and 2011. Defendant Johnson is also charged with the actual distribution of more than 1 kilogram of heroin and conspiracy to launder money. Defendants Croskey and White are also charged with conspiracy to launder money. Defendant Davis is also charged with possessing more than 5 kilograms of cocaine with the intent to distribute it. All defendants are named in the indictment's allegations regarding the forfeiture of assets.

The government describes this as a case in which its investigation acquired voluminous amounts of information and evidence through Title III wiretaps of 7 phones, including 2500 wiretap intercepts and over 5,000 pages of documents. The government has indicated that it has approximately 69 items of evidence that are potentially suppressible. The

government agrees that this case is so unusual and complex that it would be unreasonable to expect the defense to have sufficient time to engage in adequate preparation of pretrial proceedings.  The government believes that a trial of all defendants could take longer than three weeks. (Doc. 90.)  Both at the time of the arraignment and presently, defense counsel have not objected to this description of the case.

Upon this record, the court finds and concludes, after taking into account counsel's exercise of due diligence, that this case is so complex, due to the nature of the prosecution, the amount of documentary and other evidence that needs to be reviewed, and the fact that the government has indicated that extensive pretrial hearings could be necessary to resolve suppression issues , that it would be unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits generally required by the Speedy Trial Act.    Further, the court finds that the ends of justice served by granting the motions for additional time outweigh the best interests of the public and of the defendants in achieving a speedy trial in this case, and that not granting such additional time would result in a miscarriage of justice.  See 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States for a finding by the court that this is a complex case under the Speedy Trial Act (Doc. 90) is sustained.

**IT IS FURTHER ORDERED** that written motions of defendants for additional time to obtain and review discovery materials and to determine whether and/or what pretrial motions are to be filed, or a waiver thereof, (Docs. 64, 66, 68, 70, 72, 74) are sustained.

**IT IS FURTHER ORDERED** that the parties shall have until close of business **on August 1, 2011,** to file pretrial motions or the waiver thereof, **or a joint proposed scheduling plan for the conduct of pretrial proceedings**, **including proposed dates for a pretrial evidentiary hearing.**

**IT IS FURTHER ORDERED** that, **unless otherwise ordered,** the evidentiary hearing on the pretrial motions is reset to **September 7, 8, and 9, 2011, at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the time from the date of arraignments of the defendants to the date pretrial motions or the waiver thereof are by this order to be filed is excluded from computation of the latest date for

the trial setting as prescribed by the Speedy Trial Act.  <u>See</u> 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

  IN ALL OTHER RESPECTS, THE ORDER CONCERNING PRETRIAL MOTIONS, FILED PREVIOUSLY, SHALL BE IN EFFECT.

                <u>   /S/    David D. Noce   </u>
                **UNITED STATES MAGISTRATE JUDGE**

**Signed on June 22, 2011.**