UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>ROBBIN CROSKEY, )<br>)<br>Defendant. ) | Case No. 4:11-CR-00196-JCH/DDN |

### MOTION REQUESTING DISCLOSURE OR INSPECTION
### OF GRAND JURY RECORDS AND PROCEEDINGS

Now comes the Defendant, Robbin Croskey, by and through counsel, Gary E. Milone, and pursuant to the Federal Constitution's Fifth Amendment, Title 28 U.S.C. § 1867 (a) and (f), and Rules 6 and 12 of the Federal Rules of Criminal Procedure, respectfully moves this Court for an order directing disclosure by the Government of, or in the alternative allow defendant inspection or verification of, certain grand jury records and proceedings relating to possible defects in the proceedings of the grand jury, including the process by which the members of the grand jury were selected.  As grounds therefore, defendant asserts that the denial of the instant requests would deny her the facts necessary to effectively exercise her rights under the Constitution's Fifth Amendment, Title 28 U.S.C. § 1867 (a), and Rules 6(b)(1) and 12(b) (3) (A) to raise defenses and objections based on "a defect in instituting the prosecution." Defendant relies on the memorandum of law incorporated herewith.

## REQUESTS

1. Copies of the ballot used for voting by the grand jurors and the record filed with the clerk of the court indicating the number of jurors concurring in the finding of the indictment, pursuant to Rule 6(c), of the Federal Rules of Criminal Procedure;

2. The date of empanelment of the grand jury, the dates evidence was presented to the grand jury and the copies of all documents relevant to its origin and extensions, if any;

3. A copy of the list of grand jurors who served on the grand jury that returned the indictment in this case, showing legal qualifications of the jury members pursuant to Rule 6(a) (1), of the Federal Rules of Criminal Procedure and the attendance records of the jurors at each session of the grand jury; and

4. The grand jury selection records; See 28 U.S.C. § 1867 (f); United States v. Stanko, 528 F.3d 581, 586-87 (8th Cir. 2008). ("To avail himself of right of access to otherwise unpublic jury selection records, a litigant need only allege that he is preparing a motion challenging the jury selection procedures.").

## MEMORANDUM OF LAW IN SUPPORT

### I. Brief Statement of Case

Defendant was indicted on May 19, 2011, in counts I and IV of the indictment alleging violations of Titles 21 U.S.C. SSS 841(a)(1), 846 and 853(a), and 18 U.S.C. SS 1956 (a)(1)(A)(i) and 1956(a)(1)(B)(I). Defendant believes that the evidence presented to the grand jury was insufficient to satisfy the requirements of probable cause necessary to charge her in the instant indictment. Defendant simply requests disclosure of the attendance records, voting records and records of the composition of the grand jury to determine whether she has valid

grounds for relief under Rules 6(b)(1) and 12(b)(1) of the Federal Rules of Criminal Procedure.

Further, defendant Croskey believes the process by which the members of the grand jury were selected did not conform to the requirements of law. To prepare a motion advancing this claim, Croskey moves to "inspect, reproduce, and copy" the contents of records or papers used by the jury commission or clerk in connection with the jury selection process. See 28 U.S.C. § 1867 (f); Stanko, 528 F.3d at 586-87.

## II. Principles of Law and Argument

Rule 6 of the Federal Rules of Criminal Procedure provides that a defendant such as Croskey "may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected," and may challenge an individual juror on the ground that the juror is not legally qualified. See Fed.R.Crim.P 6(b)(1). Similarly, 28 U.S.C. § 1867 confers on every defendant the right to move for dismissal of an indictment or stay the proceedings against her "on ground of substantial failure to comply with provisions of this title in selecting the grand jury." 28 U.S.C. § 1867(a).

A grand jury must have 16 to 23 members, and may indict only if at least 12 grand jurors concur. Fed.R.Crim.P 6(a)(1) and 6 (f). The grand jury, or its foreperson or deputy foreperson, must return the indictment to a magistrate judge in open court. Fed.R.Crim.P. 6(f). While there is no requirement that every juror voting to indict attend every session, Rule 6 does require that every grand jury session be attended by at least 16 jurors. United States v. Leverage Funding Systems, Inc., 637 F.2d 645 (9th Cir. 1980); United States v. Byron, 994 F.2d 747, 748 (10th Cir. 1993).

A federal court may order that the record of the number of jurors concurring in the

finding of an indictment be disclosed. Fed.R.Crim.P. 6(c). In order to determine that the indictment was found upon the concurrence of 12 or more jurors, defendant Croskey should be allowed to inspect the grand jury ballot and return indicating the number of jurors concurring in the indictment. United States v. Marshall, 526 F.2d 1349, 1359-60 (9th Cir. 1975); United States v. Bullock, 448 F.2d 728, 729 (5th Cir. 1971). If the record is not properly maintained, courts have granted defendants like Croskey "access to some other method of proof regarding the concurrence of 12 or more jurors." Id. The Tenth circuit has determined that defendants like Croskey are entitled to the assurance of the district judge that the judge has inspected the (grand jury ballot) report and it contains 12 or more votes to indict. United States v. Deffenbaugh Industries, Inc., 957 F.2d 749, 757 (10th Cir. 1992).

Defendant Croskey believes that the instant indictment may not represent the will and findings of the grand jury, and therefore may be subject to dismissal pursuant to the Fifth Amendment's Grand Jury Clause and Rules 6 and 12 of Federal Rules of Criminal Procedure. She further believes that there were not 16 to 23 grand jurors impaneled on the grand jury, thus the requirement that 12 qualified grand jurors concur in the decision to indict her was not met, and that a sufficient quorum of jurors did not attend the sessions of the grand jury in which evidence was presented against her. She also further believes that the process by which the grand jurors were selected did not conform to the requirements of law.

WHEREFORE, Defendant, Robbin Croskey, hereby requests that this Court issue an order directing disclosure by the Government of, or in the alternative allowing her inspection or verification of, the requested grand jury records relating to the proceedings of the grand jury, and for such other relief as this Court deems just.

Date:   10/17/2011                          s/Gary E. Milone
                                            Attorney for Defendant

Gary E. Milone
Registration #6185891
COBLE & MILONE
Attorneys at Law
832 W. North Ave.
P. O. Box 538
Flora, IL  62839
Tel.: (618) 662-4477
Fax: (618) 662-3825
E-mail:  cmlawofc@bspeedy.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-CR-00196-JCH/DDN |
| | ) |
| ROBBIN CROSKEY, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2011, I electronically filed a Motion Requesting Disclosure or Inspection of Grand Jury Records and Proceedings with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| C. John Pleban | cpleban@plebanlaw.com; |
| | jbarnett@plebanlaw.com; |
| | plebanandassociates@yahoo.com |
| Nick A. Zotos | nickzotos@sbcglobal.net |
| Kenneth R. Tihen | kenneth.tihen@usdoj.gov; |
| | chris.jorcke@usdoj.gov; |
| | usamoe.crimdock@usdoj.gov |
| JoAnn Trog | jtrogmwb@aol.com |
| Charles E. Kirksey, Jr. | charlesekirksey@cs.com |
| Tiffany G. Becker | tiffany.becker@usdoj.gov; |
| | lynn.andrews@usdoj.gov; |
| | usamoe.crimdock@usdoj.gov |
| Lucille G. Liggett | lucy_liggett@fd.org; |
| | moe_ecf@fd.org; |
| | teresa_page@fd.org |
| Paul E. Sims | blast357@gmail.com |
| Lenny Kagan | lgkagan@hotmail.com |
| John K. Tucci | tuccijohn@hotmail.com; |
| | tuccimary@hotmail.com |
| Brandy B. Barth | bbarth@plebanlaw.com |

Brent E. Labovitz                    bel@labovitzwhiteley.com;
                                                                 kmw@labovitzwhiteley.com

I further certify that on October 17, 2011, I mailed by United States Postal Service, the document to the following non-registered participants:

NONE

                                         Respectfully submitted,

                                         s/Gary E. Milone
                                         Gary E. Milone
                                         P. O. Box 538
                                         Flora, IL  62839
                                         Tel.: (618) 662-4477
                                         Fax: (618) 662-3825
                                         E-mail: cmlawofc@bspeedy.com
                                         Registration #6185891