UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CR-00196-JCH/DDN |
| ROBBIN CROSKEY, | ) |
| Defendant. | ) |

## MOTION FOR A BILL OF PARTICULARS

Now comes the Defendant, Robbin Croskey, by and through counsel, Gary E. Milone, and respectfully moves this Court pursuant to Rule 7(f), of the Federal Rules of Criminal Procedure for an order directing the Government to produce a bill of particulars with the instant indictment and theory in chief against her, and states the following in support thereof:

Defendant Croskey believes that the instant indictment does not provide enough information or sufficient notice of charge to allow her to adequately prepare a defense for trial. Fed.R.Crim.P. 7(f); United States v. Livingstone, 576 F.3d 881 (8th Cir. 2009); United States v. Inryco, Inc., 642 F.2d 290 (9th Cir. 1981); United States v. Davis, 582 F.2d 947 (5th Cir. 1978). The purpose of a bill of particulars is to inform defendant Croskey of the nature of the charge against her with sufficient precision to enable her to prepare for trial without missing the chance to pursue a particular defense strategy, or a defense strategy hampered, and to avoid or minimize the danger of surprise at trial. Davis. In considering whether to grant a motion for bill of particulars, the Court can take into consideration factors such as "the complexity of the charge(s), the clarity of the indictment, and the degree of discovery

available to the defense absent a bill of particulars. "United States v. Vasquez-Ruiz, 136 F.Supp.2d 941, 943 (N.D.Ill. 2001).

In the instant case, with respect to the indictment and the Government's discovery and theory in chief, defendant Croskey seeks a bill of particulars stating or identifying specific conduct. Without the requested information, defendant Croskey will be deprived of the basic facts underlying the alleged criminal acts, namely, the "who," "when," and "where" of the alleged offense. None of the requested information can be found in the approximate 5,500 pages and 2,500 calls of Title III wiretap conversations produced in the Government's discovery and theory of the case. As such, the only option open to defendant Croskey for said information is through a bill of particulars.

## INDICTMENT AS TO DEFENDANT CROSKEY

### COUNT I

**CONSPIRACY TO DISTRIBUT AND POSSESS WITH INTENT TO DISTRIBUTE COCAINE, HEROIN AND MARIJUANA (ALL DEFENDANTS).**

The Grand Jury Charges That:

A.  Beginning at a time unknown to the Grand Jury but including early 2009 and continuing thereafter to and including the date of this indictment (May 19, 2011), in the Eastern District of Missouri and elsewhere, the defendants, **VICONTO LANORZ JOHNSON, QUENTIN JEROME THOMPSON, KEVIN WHITE, KENNETH HICKS, KEITH WILLIAMS, ANTONIO WIDER, SAMUEL JOHNSON, OSCAR PATTON, ROBBIN CROSKEY, and TAMECKA DAVIS,** did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit:  to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, and heroin and

marijuana, a Schedule I controlled substances, in violation of Title 21 U.S.C. § 841(a) (1) and 846.

The quantity of cocaine involved in the offense was in excess of five (5) kilograms, punishable under Title 21 U.S.C. § 841 (b)(1)(A); and

The quantity of heroin involved in the offense was in excess of one (1) kilogram, punishable under Title 21 U.S.C. § 841 (b)(1)(A).

B. **MANNER AND MEANS OF THE CONSPIRACY**

The defendant [Robbin Croskey] accomplished and attempted to accomplish the objects of the conspiracy in the following manner and through the following means:

…8. "It is further part of said drug trafficking conspiracy that Viconto Lanorz Johnson served as a coordinator for obtaining vehicles to be equipped with hidden compartments to transport narcotics from Arizona to the Eastern District of Missouri in the conspiracy." See Indictment.

…20. "It is further part of said drug trafficking conspiracy that Robbin Croskey obtained vehicles that were suitable for narcotics transportation for the conspiracy and titled a vehicle in the name of courier." See Indictment.

**GOVERNING LEGAL PRINCIPLES**

The essence of a conspiracy is the "agreement" to commit an unlawful crime. Iannelli v. United States, 420 U.S. 770, 777 (1975). The agreement "must be made between two or more persons." United States v. Mahkimetas, 991 F.2d 379, 383 (7th Cir. 1993).

In United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir. 2006)(en banc), the Court acknowledged that in the past, once the Government had proved the existence of an illegal conspiracy, it could link a defendant to that conspiracy with evidence that was

"circumstantial" and "slight." The Court reasoned that a difficulty with some past cases was that it was intimated that a defendant may be convicted of the crime of conspiracy even when the evidence failed to demonstrate, beyond reasonable doubt that the defendant was a member of a conspiracy. The Court further noted that such a principle is irreconcilable with the long-accepted burden of proof in criminal cases, citing In re Winship, 397 U.S. 358, 361-64 (1970). Moreover, it is particularly unwarranted in conspiracy law, where the government has the ability to hold relatively small players responsible for a wide range of criminal conduct. Lopez, at 1030. See United States v. Martinez de Ortiz, 883 F.2d 515, 524 (7th Cir. 1989). (Easterbrook, J., concurring), reh'g granted and judgment vacated on other grounds, 897 F.2d 220 (7th Cir. 1990). The Lopez Court went on to state that repeated invocation of the so-called slight evidence rule has left some doubt whether we are holding the government to its burden of proof, we now join the other circuits that have rejected it.

Knowledge of a conspiracy differs from joining a conspiracy, thus mere knowledge of the existence of a conspiracy or mere association with individuals engaged in illegal conduct is not sufficient, standing alone, to establish that a party knowingly and intelligently contributed efforts in furtherance of a conspiracy and thus participated in a conspiratorial agreement. United States v. Lechuga, 994 F2d. 346,349 (7th Cir. 1993) (en banc).

In Lechuga, the court held that a criminal conspiracy "is an agreement to commit a crime," thus throughout the Court's opinion, it pondered the "question" of what constituted a conspiracy. Without an explicit agreement of some viable kind between the parties, there cannot be a conspiracy. An agreement is like a contract, which ordinarily signifies an agreement that might in principle be enforced in a court of law, or other substitute tribunal, such as a panel of arbitrators, agreed to by the parties in advance. A conspiracy is not merely

an agreement, it is an agreement with a particular kind of object, an agreement to commit a crime. When the sale of some commodity such as illegal drugs, the substantive crime, the sale agreement itself cannot be the conspiracy. What is required in such a case is an agreement to commit some other crime beyond the crime constituted by the sale itself. Id. At 349.

The uncorroborated confession of a defendant is insufficient as a matter of law to sustain his or her conviction. Wong Sun v. United States, 371 U.S. 471, 488-89 (1963). It is a settled principle of the administration of criminal justice in federal courts that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused. Warszower v. United States, 312 U.S. 342, 61 S.CT. 603, 85 L.Ed. 876 (1941). The accusations of individuals seeking relief of enormous importance from the government must have less inherent worth. Bruton v. United States, 391 U.S. 123, 136 (1968) (characterizing the accusations of a co-conspirator as **"inevitably suspect"**); Caminetti v. United States, 242 U.S. 470, 495 (1917)(noting the utility and importance of warning juries to be highly cautious of uncorroborated accomplice testimony). More importantly, the Supreme Court has repeatedly explained that the corroboration principle is rooted "in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of an accused or accomplice." Smith v. United States, 348 U.S. 147, 153 (1954).

In Smith, the court held that although "corroboration is necessary for all elements of the offense established by admissions alone," extrinsic proof was sufficient which "merely fortifies the truth of the confession, without independently establishing the crime charged…" But where the crime involves "no tangible corpus delicti," the Court said that "the

corroborative evidence must implicate the accused in order to show that a crime has been committed." Id. at 154. Conspiracy is a crime that has no tangible injury which can be isolated as a corpus delicti.

To date, the Government's voluminous discovery has not included any reference to the "who", "when," and "where," or to any evidence that might possibly establish a corpus delicti for the alleged conspiracy or to any evidence that might possibly corroborate its indictment against defendant Croskey. The instant motion for a bill of particulars should be granted here because the want of corroboration leaves open the real possibility that defendant Croskey, if convicted, will go to prison for a crime that it lacks the necessary corroboration to independently establish that any tangible injury took place on the part of defendant Croskey. The Wong Sun Court recognized the profound risk inherent in criminal prosecution without clear proof of the corpus delicti. Thus, that decision makes clear the importance of the Government's evidence and witness testimony having some meaningful independent corroboration in order to minimize the real possibility of conviction where no crime was actually committed. Wong Sun, 371 U.S. at 489 n.15.

WHEREFORE, Defendant, Robbin Croskey, prays that this Court order the Government to provide a Bill of Particulars.

Date:  10/17/2011           s/Gary E. Milone
                            Attorney for Defendant

Gary E. Milone  
Registration #6185891  
COBLE & MILONE  
Attorneys at Law  
832 W. North Ave.  
P. O. Box 538  
Flora, IL  62839  
Tel.:  (618) 662-4477  
Fax:  (618) 662-3825  
E-mail:  cmlawofc@bspeedy.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-CR-00196-JCH/DDN |
| | ) |
| **ROBBIN CROSKEY,** | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed a Motion For a Bill of Particulars with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| C. John Pleban | cpleban@plebanlaw.com; jbarnett@plebanlaw.com; plebanandassociates@yahoo.com |
| Nick A. Zotos | nickzotos@sbeglobal.net |
| Kenneth R. Tihen | kenneth.tihen@usdoj.gov; chris.jorcke@usdoj.gov; usamoe.crimdock@usdoj.gov |
| JoAnn Trog | jtrogmwb@aol.com |
| Charles E. Kirksey, Jr. | charlesekirksey@cs.com |
| Tiffany G. Becker | tiffany.becker@usdoj.gov; lynn.andrews@usdoj.gov; usamoe.crimdock@usdoj.gov |
| Lucille G. Liggett | lucy_liggett@fd.org; moe_ecf@fd.org; teresa_page@fd.org |
| Paul E. Sims | blast357@gmail.com |
| Lenny Kagan | lgkagan@hotmail.com |
| John K. Tucci | tuccijohn@hotmail.com; tuccimary@hotmail.com |
| Brandy B. Barth | bbarth@plebanlaw.com |

Brent E. Labovitz            bel@labovitzwhiteley.com;
                             kmw@labovitzwhiteley.com

I further certify that on October 17, 2011, I mailed by United States Postal Service, the document to the following non-registered participants:

NONE

                    Respectfully submitted,

                    s/Gary E. Milone
                    Gary E. Milone
                    P. O. Box 538
                    Flora, IL  62839
                    Tel.: (618) 662-4477
                    Fax: (618) 662-3825
                    E-mail: cmlawofc@bspeedy.com
                    Registration #6185891