IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-CR-00196-JCH-DDN-9 |
| | ) | |
| ROBBIN CROSKEY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, ROBBIN CROSKEY'S MOTION TO PRODUCE
GRAND JURY TRANSCRIPTS PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE, 6(e)(3)(E)(i)**

Now comes the Defendant, ROBBIN CROSKEY, by her attorney WILLIAM D. STIEHL, JR., and requests this Court direct the immediate disclosure of the transcripts of any testimony before the Grand Jury by witnesses the Government intends to call as witnesses in the trial of this matter.   In support of this Motion, Defendant states as follows:

1.     Federal Rule of Criminal Procedure 6(e)(3)(E)(i) allows this Court to authorize disclosure of a Grand Jury matter in connection with a judicial proceeding.

2.     This request is being made in connection with a judicial proceeding, to-wit: the case pending against Defendant Robbin Croskey.  See United States v. Baggot, 463 U.S. 476 (1983).

3.     Immediate disclosure is necessary so that Defendant can adequately prepare for her case.   Additionally, the Government has only recently disclosed its intention to qualify as experts agents who likely testified before the Grand Jury.

4.      In Dennis v. United States, 384 U.S. 855 (1966), the Court confirmed the trial court's power under Rule 6(e) to direct disclosure of Grand Jury testimony preliminarily to or in connection with a judicial proceeding. Id at 870.  The Court examined a number of factors in concluding that the Defendant therein had made a particularized showing that the transcripts should be disclosed.  Among other factors, the Court looked at the passage of time between the Grand Jury testimony and the trial testimony.  In the case at  bar, the events charged in the Indictment took place more than a year before the trial of this matter will take place.  The recollection of the witnesses at the time of their Grand Jury testimony will have been much fresher than at the time of the trial, therefore more reliable.  The Court also noted that the Defendants in Dennis requested the Grand Jury testimony of witnesses who were key witnesses in the trial of the case.  The Court found that the charges could not be proved without the evidence provided by those witnesses.  The Court in their decision had the benefit of hindsight.  Here, Defendant, despite requests, has not been provided with any Grand Jury information, and therefore does not know who testified before the Grand Jury.  However, from the evidence that has been disclosed to Defendant thus far, it is clear that the Government has very little documentary evidence that could be argued to connect her to the charged conspiracy.  Given that, it appears that Defendant's case is going to turn in large part on the testimony of witnesses.  Therefore, it is imperative that she be provided the transcripts of their testimony before the Grand Jury in a manner that allows her to review those transcripts and prepare for trial in a meaningful way.  Along those same lines, the Dennis court noted that much of the trial testimony of witnesses who had also appeared before the Grand Jury concerned conversations and oral statements made in

meetings that were largely uncorroborated.  Again, the Court had the benefit of hindsight, but it appears from the discovery that a similar situation appears in Defendant's case. "Where a question of guilt or innocence may turn on exactly what was said, the defense is clearly entitled to all relevant aid which is available to ascertain the precise substance of the statements."  Id at 872-73.  The Court also considered the fact that two of the witnesses were accomplices and one of those was also a paid informer, and that another witness had hostility towards the Defendants in that case.  The Government has already made clear that at least one of their witnesses is a paid informer, another factor that weighs in Defendant's favor for disclosure of the transcripts.

5.     To deny Defendant immediate access to the requested transcripts would deny her rights pursuant to the 5th, 5th, and 14th Amendments to the Constitution of the United States.

Respectfully submitted,


        /s/   William D. Stiehl, Jr.
WILLIAM D. STIEHL, JR. - #2736209
Attorney for Defendant,
Robbin Croskey
2 Park Place Professional Centre
Belleville, IL 62226
618-234-9900


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Motion to Produce Grand Jury Transcripts Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) was served upon Kenneth R. Tihen, Assistant U.S. Attorney, Office of the United States Attorney, 111 South Tenth Street, 20th Floor, St. Louis, MO  63102, attorney of record for plaintiff,

and all other attorneys of record, through the electronic case filing system of the U.S. District Court for the Eastern District of Missouri, this 30th day of April, 2013.


       /s/ William D. Stiehl, Jr.

WILLIAM D. STIEHL, JR.