

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 11-CR-00196-JCH |
| | ) | |
| | ) | |
| ROBBIN CROSKEY, | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO TERMINATE WILLIAM D. STIEHL, JR.

**COMES NOW,** the Defendant, Robbin Croskey, pro se, and respectfully moves this Court for an Order granting her request to terminate William D. Stiehl, Jr. as her counsel of record, and state the following:

1.  The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the ac-

Case: 4:11-cr-00196-JCH   Doc. #:  932   Filed: 05/06/13   Page: 2 of 4 PageID #: 4305

cused shall enjoy the right to have the assistance of counsel for his or her defense..." Further, the United States Supreme Court has repeatedly held that an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him or her. See Wheat vs. United States, 486 U.S. 153, 159 (1988); Powell vs. Alabama, 287 U.S. 45, 53 (1932)("It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his or her own choice").

2.  That Defendant Croskey is a layman untrained in the field of law and its process, and rely on the protection afforded pro se litigants by the United States Supreme Court decision in Haines vs. Kerner, 404 U.S. 519, 520-21 (1972). See also Lomholt vs. Holder, 287 F.3d 683, 684 (8th Cir. 2002); Bradley vs. Transportation Security Administration, 552 F.Supp2d 957, 958 (E.D.Mo. 2008). Defendant Croskey asserts that William D. Stiehl, Jr. is laboring under an actual conflict of interest. More importantly, on or about May 2, 2013, Mr. Stiehl demonstrated conduct unbecoming of professional counsel under similar circumstances. Harsh and blatant disrespect has erupted between attorney/client. To date, there

is a complete breakdown in communication, thus apparent irreconcilable differences. The relationship is irretrievable. Mistrust by means of twisted words, among other things, has also created an impasse between attorney/client, specifically, in the direction and strategy of the case as a matter of law, principle and process. He is grossly unprepared to defend Defendant Croskey in trial.

Defendant Croskey is already subjected to a remarkable risk of loss and liberty, and is therefore, entitled by the Constitution to effective assistance of counsel and by law to choose counsel of her choice. <u>United States vs. Gonzalez-Lopez</u>, 548 U.S. 140 (2006); <u>United States vs. Gonzalez-Lopez</u>, 399 F.3d 924 (8th Cir. 2005).

3.  Defendant Croskey is cognizant of the seriousness of the offense and the severity of the punishment if convicted. It is therefore, her request that William D. Stiehl, Jr. be immediately terminated as counsel of record.

Respectfully Submitted,

*/s/ Robbin Croskey*

**ROBBIN CROSKEY**
Defendant-Robbin Croskey
2256 Accomac Street
St. Louis, Missouri 63104

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been mailed, postage pre-paid, on this 6th day of May, 2013, to the following:

Tiffany G. Becker, Assistant United States Attorney
William D. Stiehl, Jr., Attorney for Defendant

*[signature]*

**ROBBIN CROSKEY**
Defendant-Robbin Croskey

-4-