UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 11 CR 196 |
| vs. | ) | |
| | ) | |
| | ) | |
| ROBBIN CROSKEY | ) | |

## <u>AGREED MOTION TO CONTINUE</u>

COMES NOW Defendant, ROBBIN CROSKEY, by and through newly retained counsel, Beau B. Brindley, and moves this Court to continue the trial date set for May 15, 2013.

1. Due to the time-sensitive nature of these proceedings, the undersigned is filing this motion simultaneously with a motion to be admitted pro hac vice to represent Ms. Croskey. The undersigned conditioned the motion to appear pro hac vice on the granting of this continuance motion. If the motion to continue is not granted, the undersigned will be unable to effectively represent Ms. Croskey at trial. However, the undersigned has been retained and is willing to try this case and represent Ms. Croskey if the Court will grant a reasonable continuance.

2. Ms. Croskey is set to proceed to trial on May 15, 2013. Following a motion hearing on May 13, 2013, the Court granted a motion by William Stiehl to withdraw from the case due to irreconcilable differences with Ms. Croskey and a complete breakdown in communication. The Court also denied a motion to continue the trial date. The Court then convened a second hearing regarding the case at 1:30 pm. The undersigned was present via telephone for that hearing. The undersigned advised the Court that he would review case documents provided by Ms. Croskey and determine whether he could possibly try the case on May 15, 2013. It is now clear that this will not be possible because the undersigned cannot effectively prepare to try the case by May 15 given the limited period of time he has to spend with Ms. Croskey.

3. At the hearing on May 13, 2013 at 1:30 pm, Ms. Croskey stated repeatedly that she did not wish to represent herself. This happened after the Court already acknowledged the breakdown in communication between Ms. Croskey and Mr. Stiehl that both apparently reported. At this point, Ms. Croskey is left with a situation in which she must either proceed to trial pro se against her will or proceed to trial with an attorney with whom there is a complete breakdown in communication. Proceeding with an attorney with whom there has been a complete breakdown in communication would necessarily constitute ineffective assistance of counsel. Likewise, forcing Ms. Croskey to represent herself against her will when she has retained an attorney who is willing to try the case in the event of a reasonable continuance would, in the undersigned's view, create reversible error.

4. Following the hearing at 1:30 pm on May 13, the undersigned spoke to Assistant United States attorney Tiffany Becker, who informed the undersigned that, under the circumstances, the government would agree to a reasonable continuance. Granting this agreed motion will avoid significant appellate litigation in the event of a conviction.

5. In *United States v. Sidney Sellers,* 645 F.3d 830, (7th Cir. 2011), the Seventh Circuit Court of Appeals reversed Mr. Sellers's conviction and found that the district court violated the Sixth Amendment right to counsel of choice when it refused to grant a continuance of the trial date so newly retained counsel could prepare. In that case, new counsel for Mr. Sellers indicated his willingness to represent the defendant on the day of the trial. Because of a breakdown in the relationship with former counsel, the Seventh Circuit found that the district court's refusal to grant a continuance constituted a constitutional violation. The situation here is analogous. At this point, to compel Ms. Croskey to proceed to trial with Mr. Stiehl would be compelling her to be represented by an attorney with whom the Court has already found there exist significant

problems including a breakdown in communication. That is not an effective option. It is even a worse situation than the one in *Sellers*. Hence, the Court is ultimately left with the predicament of compelling a defendant to represent herself when she has never once indicated a desire to do so and when she has retained counsel who can proceed in the event of a reasonable continuance.

6.     Significant, and in all likelihood fatal, constitutional problems would arise if Ms. Croskey were either forced to proceed to trial *pro se* against her will or forced to accept the representation of counsel with whom she has irreconcilable differences, especially in the face of willing choice of counsel. The Sixth Amendment right to counsel "commands, not that a trial be fair, but that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel he believes to be best." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006). Violation of the right to choice of counsel is a structural error immune to harmless or plain error review. *Id*. Ms. Croskey has already expressed the view that undersigned is her counsel of choice. A district court is required to grant reasonable continuances to allow choice of counsel to appear. Insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel. *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964); *Middleton v. Roper*, 498 F.3d 812, 816 (8th Cir. 2007) ("a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.").

However, as this case has developed, thus far, it is not just a choice of counsel issue. The question is not a choice between the undersigned and Mr. Stiehl. The question is whether Ms. Croskey will have any representation at all. Mr. Stiehl was discharged because of what this court found to be an irreconcilable conflict as reported by both attorney and client. A total breakdown in communication necessitates granting a motion to continue. *United States v. Swinney*, 970 F.2d

3

494 (8th Cir. 1992); *United States v. Rodriguez*, 612 F.3d 1049 (8th Cir. 2010) ("Rather, justifiable dissatisfaction necessitating new counsel can arise from an irreconcilable conflict between the defendant and the attorney, a complete breakdown in their communications, or an actual conflict of interest resulting from continued representation."). An erroneous denial of a defendant's motion to substitute counsel constitutes a denial of her right to effective assistance of counsel. *Daniels v. Woodford*, 428 F.3d 1181 (9th Cir. 2005).   In *United States v. Smith*, the Fourth Circuit held that where a criminal defendant has completely lost trust in his attorney, and the trial court refuses to remove the attorney, the defendant is constructively denied counsel. *Smith*, 640 F.3d 580 (4th Cir. 2011) ("This is true even where the breakdown is a result of the defendant's refusal to speak to counsel, unless the defendant's refusal to cooperate demonstrates unreasonable contumacy."). *United States v. Ryals*, 512 F.3d 416 (7th Cir. 2008) (distrust of attorney resulted in a lack of communication requiring new counsel).   Therefore, Mr. Stiehl cannot now be constitutionally forced into representing a defendant with whom he cannot communicate.

Nor can the Court force Ms. Croskey into self-representation under these circumstances. The right to self-representation is part and parcel of the right to representation by counsel. *See Faretta v. California*, 422 U.S. 806, 819 (1975). However, before allowing a defendant to proceed *pro se*, a district court must conduct a hearing to determine that the wavier of the right to counsel was knowingly, voluntarily and intelligently made.   In this case, it is obvious that Ms. Croskey has no desire to represent herself. Hence, proceeding *pro se* would not be a voluntary decision.

Furthermore, a defendant may not be forced to choose between ineffective counsel or no counsel at all.   A choice between "an unprepared counsel or no counsel at all may violate the

4

right to counsel, there is no constitutional difficulty where the defendant is provided the real alternative of choosing between adequate representation and self-representation." *United States v. Washington*, 596 F.3d 926, 938 (8th Cir. 2010) (citations omitted). The Eight Circuit has reversed several convictions where the rejected attorney was unprepared or otherwise impaired in her representation of the defendant, even where that impairment arose from personal conflicts. *See, Berry v. Lockhart*, 873 F.2d 1168 (8th Cir. 1989) ("his difficulties with Mr. Hooper were not so obviously his own fault, or so transparently an effort to delay the trial, as to justify us in holding that the whole thing was a ploy by Berry to gain time."); *Young v. Lockhart*, 892 F.2d 1348 (8th Cir. 1989) ("Appointed counsel had not visited Young for almost six months prior to his visit five days before trial. This does not necessarily reflect on the adequacy of counsel's preparation for trial, but it demonstrates that Young may have had cause to be anxious about counsel, especially because Young had already been convicted of a different rape while represented by the same appointed counsel."). *Gilbert v. Lockhart*, 930 F.2d 1356 (8th Cir. 1991) (reversing where appointed defense attorney was unrepaired for trial).

The undersigned recognizes that continuances of trial dates can, in some cases, cause significant scheduling difficulties for the courts. Some defendants do play games with the system in order to delay the inevitable trial and conviction. However, that is not the case here. Ms. Croskey has an earnest and honest conflict with her attorney that the Court has acknowledged. She has an earnest desire for the undersigned to represent her at trial. The undersigned's practice primarily involves the conducting of federal trials. His conversations with Ms. Croskey illustrate that they can effectively work together to get this case tried successfully. Therefore, the agreed motion to continue is in the best interest of all parties and the Court.

WHEREFORE, the Defendant, Robbin Croskey, moves this Honorable Court to continue the

trial date and, in the event that it does so, permit Attorney Beau B. Brindley and his associates to

represent her throughout the remainder of these proceedings.

Respectfully submitted,

BEAU B. BRINDLEY

By: s/Beau B. Brindley

Beau B. Brindley
LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1605
Chicago, Illinois 60604
(312) 765-8878 (Phone)
(312) 276-8040 (Fax)

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached AGREED MOTION TO CONTINUE to be served upon the government via email on May 13, 2013.

By: s/ Beau B. Brindley

Beau B. Brindley
LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
(312) 765-8878

7